NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JULIET CLAIRE EDINGTON, *Plaintiff/Appellant,*

*v.*

AAA INSURANCE, *Defendant/Appellee.*

No. 1 CA-CV 23-0618
FILED 07-09-2024

---

Appeal from the Superior Court in Yavapai County
No. P1300CV202200907
The Honorable Michael P. McGill, Judge

**AFFIRMED**

---

COUNSEL

Juliet Claire Edington, Dewey
*Plaintiff/Appellant*

The Cavanagh Law Firm, P.A., Phoenix
By William M. Demlong, Parker C. Bunch
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

---

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz, and Judge Samuel A. Thumma joined.

---

**J A C O B S**, Judge:

¶1   Plaintiff Juliet Claire Edington ("Juliet") appeals the superior court's dismissal of her suit against defendant CSAA[1] for negligence and bad faith in handling her injury claim arising from an auto accident. The court dismissed her suit because CSAA, which insured the driver of the car but not Juliet, owed her no duties. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2   In August 2016, Juliet, then a minor, and her sister Saria Edington ("Saria") were in an auto accident. Saria was driving. CSAA insured Saria but not Juliet.

¶3   In December 2022, Juliet sued CSAA, alleging she was seriously injured in the accident, suffering a skull fracture, traumatic brain injury, and "permanent and severe injuries." Juliet claimed CSAA exhibited bad faith because it "offered [her] a paltry $15,000 to cover permanent impairments."

¶4   In March 2023, CSAA moved to dismiss for failure to state a claim upon which relief can be granted under Arizona Rule of Civil Procedure ("Rule") 12(b)(6). CSAA argued it owed no duty to Juliet because she was neither the driver of the car, nor insured under any CSAA policy.

¶5   The superior court granted the motion. The court reasoned CSAA owed no negligence-based duty. The court dismissed Juliet's bad faith claim because there was no contractual privity between CSAA and Juliet. While the court found CSAA was entitled to an award of reasonable fees and costs pursuant to Arizona Revised Statutes ("A.R.S.") § 12-341 as

---

[1] AAA Insurance was misnamed as a defendant and should have been sued as CSAA General Insurance Company ("CSAA"). We refer to the insurer-defendant in this case as CSAA, or the insurer.

the prevailing party in an action arising out of contract, CSAA filed no fee application.

**¶6** After entry of final judgment, Juliet appealed. We have jurisdiction. A.R.S. § 12-120.21(A)(1), Ariz. Const. Art. 6, Section 9.

## DISCUSSION

**¶7** By rule, appellate briefs must include an argument section with "contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies," and "the applicable standard of appellate review with citation to supporting legal authority." Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(a)(7). Juliet's brief lacks contentions, supporting reasons, and legal citations.

**¶8** Juliet implies A.R.S. § 28-4009 requires CSAA to provide insurance coverage to her. It does not. A.R.S. § 28-4009 concerns the requirements of "an owner's motor vehicle liability policy," not requiring an insurer to cover a passenger. Juliet also cites Arizona Rule of Evidence 901 to suggest CSAA's understanding of the accident was incorrect – specifically, that she was in Saria's car when the accident occurred. But Rule 901 is not relevant to a motion to dismiss under Rule 12(b)(6), which addressed the adequacy of Juliet's complaint. Moreover, CSAA admits Juliet was in the car when the accident occurred. The court's order granting the motion to dismiss rested on entirely different, and purely legal, bases that Juliet does not challenge in her appellate brief.

**¶9** Juliet does not otherwise make arguments or cite authority for any additional arguments, as ARCAP 13 requires. Accordingly, any such arguments are not properly before this court. *See Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 8 (App. 2022).

## CONCLUSION

**¶10** We affirm. Juliet requested sanctions against CSAA's counsel. CSAA requested attorneys' fees incurred on appeal pursuant to A.R.S. § 12-341.01 and ARCAP 21, but CSAA's theory of the case is that there is no contractual relationship between it and Juliet. In our discretion, we deny both requests.



AMY M. WOOD • Clerk of the Court
FILED: AGFV